**SO ORDERED.**

**SIGNED this 26 day of November, 2013.**



_____
A. Thomas Small
United States Bankruptcy Court Judge

_____

```
         UNITED STATES BANKRUPTCY COURT
         EASTERN DISTRICT OF NORTH CAROLINA
                GREENVILLE DIVISION
```

IN RE:

TANGLEWOOD FARMS OF                CASE NO. 10-06719-8-ATS
ELIZABETH CITY,                    CHAPTER 11

    DEBTOR.

JAMES B. ANGELL, TRUSTEE

    PLAINTIFF

vs.                                ADVERSARY PROCEEDING
                                   NO. 12-00191-8-ATS
CRAFT AIR SERVICES, LLC,

    DEFENDANT.

### ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

The matters before the court in this adversary proceeding seeking to avoid and recovery fraudulent transfers pursuant to 11 U.S.C. § § 544, 548, 550 and 551 are the motions for summary judgment filed by James B. Angell, the chapter 7 trustee and plaintiff, and Craft Air Services, LLC, the defendant.  A

hearing was held in Raleigh, North Carolina on November 20, 2013.

In his complaint the trustee seeks avoidance and recovery of two transfers totaling $60,000 made by Tanglewood Farms, Inc. of Elizabeth City, the debtor, to Craft Air within the two years prior to the date of the petition, August 20, 2010. The first payment was made on August 26, 2009, in the amount of $50,000. The second payment was made December 18, 2009, in the amount of $10,000. The trustee contends that these payments were made by the debtor to Craft Services for services performed solely for James H. Winslow, the owner of the debtor and therefore, the debtor received less than reasonably equivalent value.

The defendant, Craft Air, provides crop-dusting services to agriculture operations in Eastern North Carolina. For approximately ten years, Craft Air provided crop-dusting services for land owned by Mr. Winslow. From the onset of that business relationship, Craft Air billed both Mr. Winslow and the debtor, Tanglewood Farms Inc. of Elizabeth City, for the crop-dusting services. The chemicals used to spray the fields were either picked up by Craft Air at the Tanglewood Farms granary location or the chemicals were delivered to the airport. The boxes containing the chemicals were labeled "Tanglewood Farms" or "TWF." During the ten year period, the vast majority of the

payments for the crop-dusting services came from Mr. Winslow in his individual capacity.[1] However, during the period, Craft Air received two checks from the debtor. Those two payments are the subject of the avoidance action.

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy proceedings by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.

> [The] plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

A trustee may avoid as a fraudulent transfer, pursuant to 11 U.S.C. § 548,

> any transfer . . . of an interest of the debtor in property or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –

---

[1] Mr. Winslow issued over thirty checks totaling $985, 827.39 to Craft Air for the services.

3

    . . .
   (B)
      (i)   received less than a reasonably equivalent value in exchange for such transfer or obligation; and
      (ii)
        (I)   was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
        (II)  was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or]
        (III)    intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. s. 548(a)(1).

It is uncontroverted that the debtor made payments of $60,000 to the defendant. It is also undisputed that the spraying took place on Mr. Winslow's personal farm land. What is disputed, however, is whether the obligation was a joint obligation of Mr. Winslow and Tanglewood Farms. That factual dispute is material to the determination of whether Tanglewood received reasonably equivalent value when it made the payments and is a question for trial. Accordingly, both motions for summary judgment are **DENIED**.

**END OF DOCUMENT**